UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

SECURITIES AND EXCHANGE
COMMISSION,

       Plaintiff,

   v.

TAREK D. BAHGAT and LAURAMARIE
COLANGELO,

       Defendants,

  and

WEALTHCFO, LLC,

       Relief Defendant

17-CV-971
DECISION & ORDER

On September 28, 2017, the plaintiff, the United States Securities and Exchange Commission ("SEC"), filed a complaint in this Court alleging that the defendant, Tarek D. Bahgat, violated the Investment Advisers Act of 1940, 15 U.S.C. §§ 80b-1–80b-21. Docket Item 1. Bahgat has failed to answer or otherwise respond to the complaint.

On January 5, 2020, the Clerk of Court granted the SEC's request to enter a default against Bahgat under Rule 55(a) of the Federal Rules of Civil Procedure. Docket Item 43. On January 21, 2020, the SEC moved this Court under Rule 55(b) to enter a default judgment against Bahgat. Docket Item 44. More specifically, it sought an order (1) permanently enjoining Bahgat from future violations of sections 206(1) and 206(2) of the Advisors Act, §§ 80b-6(1) and 80(b)-6(2); (2) disgorging Bahgat of "the $378,021.97 he misappropriated from his . . . clients, plus prejudgment interest thereon of $73,433.35,"

1

for a total of $409,405.62; and (3) imposing civil money penalties under section 209(e) of the Advisers Act, 15 U.S.C. § 80b-9(e).  Docket Item 44-1 at 2.

On February 17, 2020, this Court ordered the SEC to show cause why its attempts to serve Bahgat via email comported with the requirements of the Due Process Clause of the Fourteenth Amendment.  *See* Docket Item 45.  The SEC responded on March 23, 2020.  Docket Item 46.  For the reasons that follow, this Court find that service in this matter did not comport with due process and therefore denies the SEC's motion for default judgment.

## **DISCUSSION**

In its prior order, this Court explained that proper service in this matter demanded compliance with (1) the procedural requirements of the Federal Rules of Civil Procedure and the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters (the "Hague Convention") and (2) the constitutional requirements of the Due Process Clause of the Fourteenth Amendment.  Docket Item 45 at 5 (citing *Burda Media, Inc. v. Viertel*, 417 F.3d 292, 299, 303 (2d Cir. 2005)).  This Court then found that the SEC's July 2019 service at the email address "zoho.eg@gmail.com" satisfied the former (procedural) requirements but likely did not satisfy the latter (constitutional) ones.  *See id.* at 5-10.  That was so because, absent additional evidence showing that the email was "likely to reach the defendant," *id.* at 9 (quoting *F.T.C. v. PCCare247 Inc.*, 2013 WL 841037, at *3 (S.D.N.Y. Mar. 7, 2013)), the chosen method of service "was not 'reasonably calculated . . . to apprise [Bahgat] of the pendency of the action and afford [him] an opportunity to present [his] objections,'" *id.* at 10 (quoting *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)).  The

2

Court therefore ordered the SEC to produce evidence showing that the email was, in fact, "likely to reach" Bahgat.

In response, the SEC has submitted evidence that Bahgat actively used the address "zoho.eg@gmail.com" through at least July 2018—that is, that Bahgat used the address at least four months longer than indicated in the SEC's prior submissions. *See* Docket Item 46-4 at 2. The SEC argues that this new evidence demonstrates that its July 2019 email likely reached Bahgat. *Id.* at 5-6. It also highlights that it "did not receive any notification that its service email to Bahgat was rejected or that the zogo.eg address was invalid." *See id.* at 7.

The Court still is not persuaded that the SEC's chosen method of service was "reasonably calculated . . . to apprise [Bahgat] of the pendency of the action," *see Mullane*, 339 U.S. at 314. Bahgaht's daughter testified in August 2018 that she did not know whether her father still used the zoho.eg address and had not recently attempted to communicate with him using it. *See* Docket Item 35-3 at 10. That leaves the Court with July 2018 as the last known date that Bahgat used the email address. And that means a significant amount of time—more than twelve months—elapsed between Bahgat's last known use of the address and the SEC's attempt to serve him.[1]

Even if the SEC is correct that its burden of showing a reasonable likelihood of receipt does not demand proof that the defendant actually opened the email, it does not follow that the mere absence of an email "bounce back" satisfies that burden. Were that true, a plaintiff could prove traditional-mail service by showing simply that a letter was *not*

---

[1] This Court again recognizes that roughly half of that time lapse was due to the Court's own delay in ruling on the SEC's November 2018 motion for alternative service. But that fact is not relevant in determining whether the chosen method of service comported with due process requirements.

3

returned as undeliverable. Such an approach would hinge a determination of whether service was proper—that is, a defendant's knowledge of, and liability for, a pending legal action—on whether, for instance, a nonparty residing at a defendant's prior address expended the effort to return a misdirected letter or simply tossed it in the trash. That cannot be the case. By analogy, the mere absence of a "bounce back" does little to support the SEC's case.

## **CONCLUSION**

The SEC has not shown that service via email to "zoho.eg@gmail.com" was "reasonably calculated . . . to apprise [Bahgat] of the pendency of [this] action," *see Mullane*, 339 U.S. at 314. Because "[a] default judgment may not be granted . . . if the defendant has not been effectively served with process," *O'Callaghan v. Sifre*, 242 F.R.D. 69, 72 (S.D.N.Y. 2007) (citation omitted), this Court denies the SEC's motion for default judgment. The SEC is granted leave to again move this Court to conduct discovery in connection with its efforts to serve Bahgat, however, and, if a constitutionally-appropriate alternative method of service becomes apparent, to ask for permission to serve Bahgat by such means.

## **ORDER**

In light of the above, IT IS HEREBY

ORDERED that the SEC's motion for a default judgment against defendant Terek D. Bahgat, Docket Item 44, is DENIED; and it is further

ORDERED that the SEC may move this Court **within 30 days of the date of this order** to reopen service-related discovery.

SO ORDERED.

Dated:   April 6, 2020
         Buffalo, New York

 /s/ Lawrence J. Vilardo
LAWRENCE J. VILARDO
UNITED STATES DISTRICT JUDGE