**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**
--------------------------------------------------------------------- x
SECURITIES AND EXCHANGE COMMISSION,    :
    :
            **Plaintiff,**    :
    :
     **v.**    :      **No. 17-cv-00971 (LJV)**
    :
**TAREK D. BAHGAT and**    :
**LAURAMARIE COLANGELO,**    :
    :
         **Defendants,**    :
    :
    **and**    :
    :
**WEALTHCFO, LLC**    :
    :
        **Relief Defendant.**    :
--------------------------------------------------------------------- x

## FINAL JUDGMENT AS TO DEFENDANT TAREK D. BAHGAT ("Final Judgment")

WHEREAS on May 17, 2023, this Court entered a decision and order on motion by the Securities and Exchange Commission (the "SEC") for a default judgment against defendant Tarek D. Bahgat; and

WHEREAS as part of that decision and order, this Court ordered 1) that Bahgat pay $378,021.97 in disgorged profits and two $189,427.00 civil penalties; 2) that within 14 days of the decision, the SEC could apply for a recalculated total of prejudgment interest, and that if it did not do that, Bahgat pay $73,433.35 in prejudgment interest; 3) that Bahgat be permanently enjoined from violating 15 U.S.C. §§ 80b-6(1) and (2); and 4) that within 14 days of the decision, the SEC submit a proposed judgment; and

WHEREAS on May 30, 2023, the SEC submitted its proposed final judgment and applied for prejudgment interest based on updated calculations;

NOW, THEREFORE,

## I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Bahgat is permanently restrained and enjoined from violating, directly or indirectly, Sections 206(1) and 206(2) of the Investment Advisers Act of 1940 (the "Advisers Act") [15 U.S.C. § 80b-6(1)-(2)], by using the mails or any means or instrumentality of interstate commerce or any facility of any national security exchange, in connection with the purchase or sale of any security, directly or indirectly:

(a)      to employ any device, scheme, or artifice to defraud any client or prospective client; or

(b)      to engage in any transaction, practice, or course of business that operates as a fraud or deceit upon any client or prospective client.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise:  (a) Bahgat's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Bahgat or with anyone described in (a).

## II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Bahgat is liable for disgorgement of $378,021.97, representing net profits gained as a result of the conduct alleged in the complaint filed on September 28, 2017, together with prejudgment interest thereon in the amount of $142,057.43, and a civil penalty in the amount of $378,854.00, pursuant to Section 209(e) of the Advisers Act [15 U.S.C. § 80b-9(e)].  Bahgat shall satisfy this obligation by paying $898,933.40 to the SEC within 30 days after entry of this Final Judgment.  Bahgat may transmit payment electronically to the SEC, which will provide detailed ACH transfer/Fedwire instructions

upon request.  Payment may also be made directly from a bank account via Pay.gov through the

SEC website at http://www.sec.gov/about/offices/ofm.htm.  Bahgat may also pay by certified

check, bank cashier's check, or United States postal money order payable to the Securities and

Exchange Commission, which shall be delivered or mailed to

> Enterprise Services Center
> Accounts Receivable Branch
> 6500 South MacArthur Boulevard
> Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this

Court; Tarek D. Bahgat as a defendant in this action; and specifying that payment is made pursuant

to this Final Judgment.

Bahgat shall simultaneously transmit photocopies of evidence of payment and case

identifying information to the SEC's counsel in this action.  By making this payment, Bahgat

relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds

shall be returned to Bahgat.

The SEC may enforce this Court's judgment for disgorgement and prejudgment interest by

using all collection procedures authorized by law, including, but not limited to, moving for civil

contempt at any time after 30 days following entry of this Final Judgment.

The SEC may enforce this Court's judgment for penalties by the use of all collection

procedures authorized by law, including the Federal Debt Collection Procedures Act, 28 U.S.C. §

3001 et seq., and moving for civil contempt for the violation of any court orders issued in this

action.

Bahgat shall pay post judgment interest on any amounts due after 30 days of the entry of

this Final Judgment pursuant to 28 U.S.C. § 1961.  The SEC shall hold the funds, together with any

interest and income earned thereon (collectively, the "Fund"), pending further order of this Court.

The SEC may propose a plan to distribute the Fund subject to the Court's approval.  Such a plan may provide that the Fund shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002.  This Court shall retain jurisdiction over the administration of any distribution of the Fund and the Fund may be disbursed only pursuant to an order of the Court.

Regardless of whether any such Fair Fund distribution is made, amounts ordered to be paid as civil penalties pursuant to this Final Judgment shall be treated as penalties paid to the government for all purposes, including all tax purposes.   For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against Bahgat by or on behalf of one or more investors based on substantially the same facts as alleged in the complaint in this action.  To preserve the deterrent effect of the civil penalty, Bahgat shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on Bahgat's payment of disgorgement in this action, argue that he is entitled to, nor shall he further benefit by, offset or reduction of such compensatory damages award by the amount of any part of Bahgat's payment of a civil penalty in this action ("Penalty Offset").  If the court in any Related Investor Action grants such a Penalty Offset, Bahgat shall, within 30 days after entry of a final order granting the Penalty Offset, notify the SEC's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the SEC directs.  Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this Final Judgment.

### III.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

4

**IV.**

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.


Dated:         June 6, 2023
               Buffalo, New York

                                        */s/ Lawrence J. Vilardo*
                                        LAWRENCE J. VILARDO
                                        UNITED STATES DISTRICT JUDGE